Per Curiam,
The plaintiffs' statement of claim is not printed in the appellant’s paper-book, as rule XXIV of this court requires. It was of particular importance that the rule should be complied with in this case because without having the statement before us we cannot determine with absolute certainty whether the plaintiffs’ claim was upon a policy of fire insurance, as is stated in the appellant’s history of the case, or upon an agreement of settlement between the plaintiffs and the company acting through its secretary, as one portion of the judge’s charge gives some ground for inferring.
But passing this objection, and assuming that the action was upon a policy of insurance, we encounter a more serious difficulty. The appellant’s counsel argues that binding instructions ought to have been given for the defendant because there is a provision in the policy which required the insured to furnish an itemized statement of the cash value of the goods claimed to have been injured by the alleged fire, and the proofs of loss were defective in this particular. Obviously, therefore, it was absolutely essential to the determination of that question that the policy and the proofs of loss should be before us. The transcript of the evidence sent up with the record shows that the policy was formally offered in evidence and identified by its number, date and other particulars, and that the proofs of loss were produced, or a copy of them, and practically treated as in evidence. Neither of these papers is printed in the appellant’s paper-book, and, as its counsel says, “there appears no way to demonstrate the provisions of the policy sued upon, nor plaintiffs’ compliance therewith,” without them. But, instead of holding, as he argues, that there is no other alternative but to send the case back for retrial because they were not marked as exhibits, it seems plain that the appeal should be quashed for noncompliance with the rule which requires the appellant to print the evidence. \
The appeal is quashed.